IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:16-CV-0106-D |
| VS. | § § | |
| GWENDER MILLER, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In this interpleader action brought by plaintiff The Guardian Life Insurance Company of America ("Guardian") against several defendants, including defendant C&J Financial, LLC ("C&J"), C&J has filed cross-claims against defendants Gwender Miller ("Gwender"), Terrance Frazier ("Terrance"), and DeAmbra Miller ("DeAmbra") for breach of contract and unjust enrichment, and it seeks to recover its attorney's fees. C&J moves for summary judgment.[1] Gwender, Terrance, and DeAmbra have not responded to the motion, and the court now grants it.[2]

---

[1] C&J refers to its summary judgment motion as a "Traditional" motion, *see* C&J Mot. 1, and cites Texas procedural rules and cases in support of its motion. Because C&J has shown under federal procedure that it is entitled to summary judgment, the court will disregard C&J's misplaced reliance on Texas terminology and procedure.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Decedent Timothy Andre Frazier ("Timothy") was insured under a life insurance policy issued by plaintiff Guardian. Following his death, arrangements were made with defendant Golden Gate Funeral Home, Inc. to provide funeral and related goods and services costing $12,407.85. To finance these goods and services, Terrance[3] and DeAmbra[4] assigned the principal sum of $12,407.85 from the Guardian policy to C&J. After it was discovered that Gwender[5] was apparently the actual beneficiary of record on the Guardian policy, she also assigned the principal sum of $12,407.85 from the Guardian policy to C&J.

Thereafter, a dispute arose among Gwender, Terrance, and DeAmbra regarding their rights under the Guardian policy. As a result, Guardian was unwilling or unable to pay C&J's assigned claim. After Guardian filed the instant interpleader action, C&J cross-claimed against Gwender, Terrance, and DeAmbra to recover on claims for breach of contract and unjust enrichment, and to recover its attorney's fees.

C&J moves for summary judgment, seeking to recover the principal sum of $12,407.85, prejudgment interest, and $4,304.22 in attorney's fees against Gwender, Terrance, and DeAmbra. Gwender, Terrance, and DeAmbra have not responded to the

---

[3]There is an indication in the summary judgment record that Terrance is Timothy's son.

[4]There is an indication in the summary judgment record that DeAmbra is Timothy's daughter.

[5]There is an indication in the summary judgment record that Gwender is Timothy's fiancée.

motion.[6]

II

At the outset, the court notes that C&J's summary judgment papers include personal identifiers that should not be disclosed in public filings. *See, e.g.,* Fed. R. Civ. P. 5.2(a)(1) (addressing social-security numbers). Accordingly, with 14 days of the date this memorandum opinion and order is filed, C&J must contact the clerk of court and obtain instructions for redacting any part of a filing that includes information that should be redacted under Rule 5.2.

III

Because C&J is moving for summary judgment on claims on which it will have the burden of proof at trial, it "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that C&J must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d

---

[6]C&J filed its motion on November 18, 2016. Because C&J did not file its brief until December 8, 2016, Gwender, Terrance, and DeAmbra were not obligated to respond to the motion until December 29, 2016. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). They have not, however, responded to the motion at all.

914, 923–24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

As noted, Gwender, Terrance, and DeAmbra have not responded to C&J's motion. Although their failure to respond does not permit the court to enter a "default" summary judgment in C&J's favor, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

C&J has presented evidence that satisfies each element of its breach of contract claim against Gwender, Terrance, and DeAmbra. Because Gwender, Terrance, and DeAmbra have failed to respond to C&J's motion, they are "relegated to [their] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman*, 945 F. Supp. at 1002. C&J is therefore entitled to summary judgment on its breach of contract claim.

The court assumes that C&J would opt to recover for breach of contract so that it can

also recover its attorney's fees, and because an unjust enrichment recovery is likely unavailable where C&J has recovered for breach of contract.[7] The court therefore does not address C&J's unjust enrichment claim. C&J has also demonstrated that it is entitled to recover attorney's fees in the sum of $4,304.22.[8]

Accordingly C&J's motion for summary judgment is granted. By Rule 54(b) final judgment filed today, the court enters judgment in favor of C&J against Gwender, Terrance, and DeAmbra in the principal sum of $12,407.85, together with prejudgment interest thereon at the rate of 5% per annum, computed as simple interest, from March 31, 2016 until the date of judgment, $4,304.22 in attorney's fees, and post-judgment interest at the rate of 0.82% per

---

[7]"Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). "That is because parties should be bound by their express agreements." *Id.* "When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement." *Id.* Accordingly, because a claim for unjust enrichment is "based on quasi-contract," it is "unavailable when a valid, express contract governing the subject matter of the dispute exists." *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. 1996), *aff'd sub nom.*, *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467 (Tex. 1998); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001); *Fortune Prod. Co.*, 52 S.W.3d at 685 ("The written contracts in this case foreclose any claims for unjust enrichment.").

[8]C&J requests the additional sum of $1,000 to prepare for and attend the summary judgment hearing. Because C&J's motion is being decided without an in-court hearing, the court declines to award this sum. C&J also seeks additional fees in the event of appeals or a collateral attack. This request is denied without prejudice to C&J's seeking such fees by motion in the event of an appeal or collateral attack.

annum.

**SO ORDERED**.

January 30, 2017.

                                                                                 _____
                                                                                 SIDNEY A. FITZWATER
                                                                                 UNITED STATES DISTRICT JUDGE