IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE GUARDIAN LIFE INSURNACE
COMPANY OF AMERICA,

    Plaintiff,

v.

GWENDER MILLER, *et al.*,

    Defendants.

No. 3:16-cv-0106-D (BT)

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Gwender Miller's Motion to Withdraw Funds (ECF No. 33). For the reasons stated, the motion should be GRANTED.

## Background

The Guardian Life Insurance Company ("Guardian") filed this interpleader action under Federal Rule of Civil Procedure 22. *See* Pl.'s Compl. 1-2 (ECF No. 1). Guardian had in its custody or possession the death benefit of a life insurance policy insuring the life of Timothy A. Frazier, deceased (the "Timothy"), to which Defendants, Gwender Miller ("Gwender"), Terrance Frazier ("Terrance"), DeAmbra Miller ("DeAmbra"), Golden Gate Funeral Home, Inc. ("Golden Gate"), and C&J Financial, LLC ("C&J"), made claims. *Id.* 3. When Timothy died, the Policy had a basic life insurance benefit of $20,000.00 (the "Death Benefit"). *Id.*

At the time of Timothy's death, Gwender was named as the 100%

1

beneficiary of the Death Benefit under the life insurance policy. *Id.* After Timothy's death, Terrance and DeAmbra executed an assignment of insurance proceeds to Golden Gate in the amount of $12,407.85 for funeral services for Timothy. *Id.* Golden Gate subsequently assigned its rights in the policy proceeds to C&J. *Id.*

On May 3, 2016, the District Judge granted a Joint Motion for Interpleader, Deposit of Disputed Funds and Dismissal of Guardian with Prejudice, and the record confirms Guardian deposited the amount of $20,155.34. *See* Order (ECF No. 20). Later, in March 2017, C&J moved for summary judgment. *See* Def.'s Mot. (ECF No. 22); Def.'s Br. 1-5 (ECF No. 25). The District Judge granted C&J's motion, ordered the sum of $17,281.21 be disbursed to C&J, and dismissed C&J from the lawsuit with prejudice. Order 2 (ECF No. 30). The District Judge later dismissed the case without prejudice after no party responded to his January 10, 2018 status report order. *See* Order of Dismissal (ECF No. 32).

In 2018, Gwender filed the present motion to withdraw the remaining funds on deposit with the court. The court ordered Terrance and DeAmbra to file a written response by November 30, 2018, advising of whether they object to the release of the funds on deposit to Gwender. Order 1 (ECF No. 35). The court further cautioned that if neither Terrance nor DeAmbra filed a response, the motion would be construed as unopposed. *Id.* Neither Terrance nor DeAmbra filed a response, so the court considers Gwender's motion as unopposed.

## Legal Standard and Analysis

"A district court has broad powers in an interpleader action." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). "An interpleader action typically involves two stages:" first, "the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Id.* (citing 7 Charles Alan Wright, Arthur R. Miller & Mar Kay Kane, Federal Practice & Procedure § 1714 (Civ. 2d ed. 1986)). "If the district court finds that the interpleader action has been properly brought[,] the district court will then make a determination of the respective rights of the claimants." *Id.*

No party has challenged the propriety of interpleader in this case. Indeed, the District Judge's May 3, 2016 order granting a joint motion for interpleader is an implicit finding that interpleader was proper. *See* Order 1. At this stage, where the fund has already been partially released to C&J, the issue of the propriety of interpleader is no longer before the court. As such, this court need determine only if Gwender has a superior claim to the remaining funds with respect to all other claimants.

If this case proceeded to trial, Gwender would have to prove her right to the fund by a preponderance of the evidence. *See Jackson Nat'l Life Ins. Co. v. Dobbins*, 2018 WL 550516, at *3 (N.D. Tex. Jan. 25, 2018) (citing *Rhodes*, 196 F.2d at 600). Given the present posture of the case, the motion before the court is certainly more akin to a summary judgment motion. Therefore, Gwender's

3

burden is the typical summary judgment burden, where she "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1994 (5th Cir. 1986). That is to say, Gwender must "demonstrate that there are no genuine and material fact disputes and that the moving party is entitled to summary judgment as a matter of law." *Jackson*, 2018 WL 550516, at *3 (citing *Martin v. Alamo Cmy. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

    Given the ample evidence in the record and the lack of any opposition to Gwender's motion, Gwender has carried her burden to show she has a superior to claim to the remaining funds. Although Terrance and DeAmbra's failure to respond does not permit the court to enter a "default" summary judgment in Gwender's favor, *see, e.g.*, *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990), a "summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

4

Rule 56(e)(2), (3).

The record evidence in this case supports a recommendation of disbursement of the remaining funds to Gwender. In her motion, Gwender asserts she is entitled to the remaining $2,718.79 of the Death Benefit. Def.'s Mot. 1. In addition, Gwender asserted she was sole beneficiary of the Death Benefit in her answer. Gwender's Answer 2 (ECF No. 18). Timothy also named Gwender as the primary beneficiary, necessarily entitling her to receive 100% of the Death Benefit. *See* Enrollment Form 2 (ECF No. 1-3). Without a response from Terrance or DeAmbra, there is no summary judgment evidence controverting Gwender's assertion that she is entitled to the remaining funds.

Although not required to do so, the court reviewed the entire docket in search of controverting evidence. However, DeAmbra appears to have abandoned any claim to proceeds under the policy, stating—under penalty of perjury—in her *pro se* Answer:

> I filed a claim with Guardian Life Insurance Company of America based on being told I was co-beneficiary to Timothy Frazier's policy, Policy # 00467939. *I later learned I was not the actual benefactor*, per Guardian Life Insurance Company.

DeAmbra's Ans. 2 (ECF No. 17) (emphasis added). And, Terrance, who filed a touching, personal letter describing his love for his father in response to the original complaint (ECF No. 9), did not identify any legal basis for his claim to any proceeds. Thus, the court concludes that Gwender is entitled to the remaining funds on deposit with the court.

## Recommendation

Defendant Gwender Miller's Motion to Withdraw Funds (ECF No. 33) should be GRANTED.

**SO RECOMMENDED**.

January 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).